Singh v. Lynch

BIA
Christensen, IJ
A200 939 213

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand fifteen.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

JATINDER SINGH,
> *Petitioner,*

> v.            14-1293
> NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Jaspreet Singh, Fremont, CA.

FOR RESPONDENT:      Joyce R. Branda, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney,

**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Singh, a native and citizen of India, seeks review of an April 2, 2014, decision of the BIA, affirming the June 14, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jatinder Singh*, No. A200 939 213 (B.I.A. Apr. 2, 2014), *aff'g* No. A200 939 213 (Immig. Ct. N.Y. City June 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA -- that is, minus those arguments for denying relief the BIA failed to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*

*v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). In this case, the agency's adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on several inconsistencies to discredit Singh's testimony. First, Singh testified that after the Congress party beat him, he was treated at home and that his father was absent. However, Singh's parents' affidavits state that they both treated his injuries, contradicting Singh's testimony. When confronted, Singh explained that he could not remember if his father was home, but the IJ reasonably rejected this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Second, both affidavits say "me and my husband" treated Singh after his injuries, even though Singh's father wrote

3

one of the affidavits.  This unusual similarity casts doubt on the authenticity of both of these affidavits.  *Surinder Singh v. BIA*, 438 F.3d at 145, 148 (2d Cir. 2006).

Third, while Singh testified that the Congress Party does not harass his family, Singh submitted a letter from his own political party stating that the Congress Party continues to harass his family.  The IJ reasonably relied on this discrepancy, which was sufficiently dramatic that the IJ was not required to bring it to Singh's attention before relying on it in his decision.  *Majidi*, 430 F.3d at 81.

Finally, both Singh's asylum application and a party official's letter failed to mention that his party reported his beatings to the police.  Standing alone, this omission would be insufficient to support an adverse credibility determination.  *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006).  However, when considered together with the other inconsistencies in the record and the suspicious similarity between Singh's parents' affidavits, the IJ reasonably relied on this omission as one part of the totality of the circumstances.  *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006).

Because Singh's claims depend entirely on his credibility, the adverse credibility determination is sufficient to dispose of his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006). Therefore, we do not reach the IJ's additional grounds for denying relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk